**CITY OF INDIANAPOLIS v. WHEELER,**
Acting Director, Bituminous Coal Div.
of Dept. of Interior, et al.

No. 8015.

Circuit Court of Appeals, Seventh Circuit.

Jan. 29, 1943.

880

Wm. H. Thompson, Perry E. O'Neal, and Patrick J. Smith, all of Indianapolis, Ind. (Edward H. Knight, Corp. Counsel, and Michael B. Reddington, City Atty., both of Indianapolis, Ind., of counsel), for petitioner.

Freedman, and Erwin B. Ellmann and Jerome H. Simonds, Attys., Bituminous Coal Division, all of Washington, D. C., for respondent.

Burr Tracy Ansell, Roger Robb and Ansell, Ansell & Marshall, all of Washington, D. C., for District Board 8.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is a petition to review an order of the Bituminous Coal Division of the United States Department of the Interior, dismissing petitioner's application for exemption from the provisions of Section 4 of the Bituminous Coal Act of 1937, 50 Stat. 72, 15 U.S.C.A. § 828 et seq.

On May 7, 1940, the City of Indianapolis, a municipal corporation of the State of Indiana, filed its application, pursuant to the provisions of Section 4-A, of the Act, in which it was alleged, "the applicant's coal is of the class described in Section 4, part II(l) of the Bituminous Coal Act in that said applicant is a producer-consumer." It was further alleged that the applicant consumed substantial quantities of bituminous coal in connection with its manufacture and distribution of artificial gas, and that the coal so consumed was produced by the Milburn By-Products Coal Company, a West Virginia corporation, all of whose outstanding stock was owned by the city. Bituminous Coal Producers' Board for District No. 8, a respondent herein, was permitted to intervene.

Section 4, part II(l), upon which petitioner relies, provides: "The provisions of [sections 831, 832 and] this section shall not apply to coal consumed by the producer or to coal transported by the producer to himself for consumption by him." A hearing was held before an Examiner of the Division, attended by all interested parties. No question is raised but that all the parties were accorded a full and complete hearing. The Examiner submitted his report, recommending that the application for exemption be denied. Upon exceptions to such report, oral argument was had before the Director of the Division who in the main adopted the findings and conclusions of the Examiner. Subsequently, the order under attack was entered, dismissing the application for exemption on the sole ground that petitioner was not both producer and consumer of the coal in question, within the meaning of the section above quoted.

■ Petitioner places much reliance upon our decision in Consolidated Indiana Coal Company v. National Bituminous Coal Commission, Cir., 103 F.2d 124. In that case, we set aside the Commission's order denying an exemption. We thought we had the right and duty to review the facts upon which the Director determined that the producer-consumer relationship did not exist. This we did, and the conclusion was reached that the Director had made an erroneous determination. That we were without authority, however, to overrule the determination of the Director must be conceded, in view of the subsequent decision of the Supreme Court in Gray v. Powell, 314 U.S. 402, 62 S.Ct. 326, 86 L.Ed 301. Such being the situation, we see no reason to discuss the facts of the instant case, with the view of deciding whether they come within our holding in the Consolidated case.

■ In the Gray case, the Circuit Court of Appeals for the Fourth Circuit, Powell v. Gray, 114 F.2d 752, set aside an order of the Bituminous Coal Division denying an applicant's exemption, just as we did in the Consolidated case. There, as in the instant case, the sole question, stripped of all unnecessary verbiage, was whether the applicant was the producer of the coal in controversy. The Supreme Court reversed

the decision on the ground, as we understand, that the Court of Appeals was without authority to overrule the determination made by the Administrator. In discussing such authority, the Court on page 411 of 314 U.S., page 332 of 62 S.Ct., 86 L.Ed. 301, stated: "In a matter left specifically by Congress to the determination of an administrative body, as the question of exemption was here by Sections 4, part II($l$) and 4-A, the function of review placed upon the courts by Section 6(b) is fully performed when they determine that there has been a fair hearing, with notice and an opportunity to present the circumstances and arguments to the decisive body, and an application of the statute in a just and reasoned manner."

 In the instant situation, no point is made by petitioner but that it was accorded an opportunity to present to the Administrator the circumstances on which it relied for exemption and its arguments in support thereof. It is argued, however, that the language "and an application of the statute in a just and reasoned manner" gives us the authority to decide differently from the determination made by the Administrator. With this argument we do not agree. In this connection, it is pertinent to observe that the so-called evidentiary facts in the case before the Supreme Court, as in the instant case, were not in dispute. The sole issue there, as here, was the ultimate conclusion of the Administrator that the applicant was not the producer of the coal.

 Furthermore, any doubt as to the holding of the Supreme Court is dispelled by its statement on the page following that which we have quoted. There, it is stated: "Where, as here, a determination has been left to an administrative body, this delegation will be respected and the administrative conclusion left untouched. Certainly a finding on Congressional reference that an admittedly constitutional act is applicable to a particular situation does not require such further scrutiny. Although we have here no dispute as to the evidentiary facts, that does not permit a court to substitute its judgment for that of the Director."

That we have properly appraised the effect of this holding is supported by the dissenting opinion, wherein it is on page 418 of 314 U.S., page 335 of 62 S.Ct., 86 L.Ed. 301, stated: "Upon a record in which there is not a single disputed fact, the bare question is presented whether the words the Congress used bring the respondents within the Bituminous Coal Code or exclude them from its operation. In answering that question the Director made no controverted finding of fact, exercised no judgment as to what the relevant circumstances were, but merely decided that the meaning of the statute was that the respondents' transactions required that they become members of the Code or suffer the penalty of the 19½% tax for failing to join the Code. If the Director was in error, his error was a misconstruction of the Act which created his office; and that error, under all relevant authorities, is subject to court review. It is specifically made so subject to review by the statute in question."

 Obligated as we are to follow the pronouncement of the Supreme Court, we must hold that we are without authority to overrule the determination made by the Administrator. Without authority to make a decision contrary to that of the Administrator, no purpose could be served in relating the undisputed facts upon which petitioner relies for relief.

The order sought to be reviewed is, therefore, affirmed.